This decision of the Supreme Court of New Mexico was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Supreme Court.

## IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**Filing Date: January 27, 2025**

**No. S-1-SC-40571**

**INQUIRY CONCERNING A JUDGE**
**JSC Inquiry No. 2024-003**

**IN THE MATTER OF**
**HON. JOHNNY VALDEZ,**
**Cibola County Magistrate Court**

The New Mexico Judicial Standards Commission
Phyllis A. Dominguez
Marcus J. Blais
Albuquerque, NM

for Petitioner

Johnny Valdez
Pro se
Grants, NM

for Respondent

### PUBLIC CENSURE

**PER CURIAM.**

**{1}**     This matter came before this Court on a petition to accept the *Stipulation Agreement and Consent to Discipline* (*Stipulation*) between the Judicial Standards Commission (Commission) and Hon. Johnny Valdez, a magistrate court judge in Cibola County.

**{2}**     We granted the petition and approved the terms of the *Stipulation* adopting the Commission's request and Judge Valdez's stipulation to discipline, including issuance of a public censure. We now publish this public censure in the State Bar of New Mexico *Bar Bulletin* in accordance with our order, the *Stipulation*, and Rule 27-401(A)(4) NMRA.

## I.    BACKGROUND

**{3}**    A complaint was filed against Judge Valdez with the Commission. The Commission completed its initial investigation, including completion of an informal conference which allowed Judge Valdez to personally discuss the allegations with the Commission. The Commission filed a notice of formal proceedings against Judge Valdez on June 13, 2024. The Commission and Judge Valdez entered into the *Stipulation* after that filing. As part of the *Stipulation*, Judge Valdez denied committing willful misconduct but agreed that the Commission could find willful misconduct based on the following facts:

A.    On or between December 2022 and July 2023, [Judge Valdez] had inappropriate physical contact with [a magistrate court clerk] by poking him with a gel-filled keyboard wrist-rest.

B.    On or between December 2022 and July 2023, [Judge Valdez] made inappropriate and/or denigrating comments to [a magistrate court clerk], stating words to the effect: He is starting to get fat and needs to lose weight; his facial hair is not appropriate and is shaggy for work; he needs haircuts; he looks like a punching bag; he should do push-ups and sit ups to lose weight; and that he has a gut.

C.    On or about July 6, 2023, [Judge Valdez] became upset with [a magistrate court clerk] and angrily slammed files down on his desk after hearing about [the clerk's] complaint that [Judge Valdez] did not sign documents in a timely fashion.

*Stipulation* at 2.

**{4}**    Judge Valdez agreed that the described conduct violated the following Rules of the Code of Judicial Conduct: Rule 21-101 NMRA (requiring compliance with the law); Rule 21-102 NMRA (promoting confidence in the judiciary); Rule 21-203 NMRA (prohibiting bias, prejudice, and harassment); and Rule 21-208 NMRA (requiring decorum and appropriate demeanor). Judge Valdez also agreed that the Commission, looking at the facts, evidence, and totality of the circumstances, could find willful misconduct in office sufficient for this Court to impose discipline pursuant to Article VI, Section 32 of the New Mexico Constitution. As part of that discipline, Judge Valdez agreed to receive a public censure to be published in the State Bar of New Mexico *Bar Bulletin*. For the reasons discussed below, we issue this public censure.

## II.    DISCUSSION

**{5}**    Article VI, Section 32 of the New Mexico Constitution creates the Commission and provides that "any justice, judge or magistrate of any court may be disciplined or removed for willful misconduct in office." We have defined willful misconduct in office as "improper and wrong conduct of a judge acting in his official capacity done intentionally,

knowingly, and, generally in bad faith. It is more than a mere error of judgment or an act of negligence." *In re Locatelli*, 2007-NMSC-029, ¶ 8, 141 N.M. 755, 161 P.3d 252 (internal quotation marks and citation omitted). In imposing discipline, "[t]here need not be clear and convincing evidence to support each and every one of the Commission's evidentiary findings. Rather, we must be satisfied by clear and convincing evidence that there is willful judicial misconduct which merits discipline." *In re Castellano*, 1995-NMSC-007, ¶ 37, 119 N.M. 140, 889 P.2d 175.

**{6}** Judge Valdez agrees that the conduct described in the *Stipulation* violated Rules 21-101, 21-102, 21-203, and 21-208. *Stipulation* at 2. While a violation of the Code of Judicial Conduct alone may not require the imposition of discipline, it does provide evidence of misconduct. *Locatelli*, 2007-NMSC-029, ¶ 8. We agree that the stipulated facts support the conclusion that Judge Valdez violated Rules 21-101, 21-102, 21-203, and 21-208, and for that reason, he should be formally censured.

**{7}** The preamble to the Code of Judicial Conduct states, "An independent, fair, and impartial judiciary is indispensable to our system of justice." Rule 21-001(A) NMRA. To promote the public's trust and to maintain and enhance confidence in the legal system, "[j]udges should maintain the dignity of judicial office at all times and avoid both impropriety and the appearance of impropriety in their professional and personal lives." Rule 21-001(B). In violating the Code of Judicial Conduct, Judge Valdez failed to uphold the dignity of judicial office and behaved in a manner that undermines public confidence in the integrity and professionalism of the judiciary.

**{8}** Rule 21-101 requires a judge to "respect and comply with the law, including the Code of Judicial Conduct." Rule 21-102 requires a judge to "act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary and [to] avoid impropriety and the appearance of impropriety." "Actual improprieties include violations of the law, court rules, or provisions of th[e] Code. The test for appearance of impropriety is whether the conduct would create in reasonable minds a perception that the judge violated th[e] Code." *Id.* comm. cmt. 5.

**{9}** Judge Valdez's actions violated Rules 21-101 and 21-102. As a judge, he must strive to act at all times in a manner that promotes public confidence in the integrity of the judiciary. *See* Rule 21-001(A), (B). Judge Valdez failed to uphold that standard by subjecting a magistrate court clerk to inappropriate personal comments and actions that demeaned and denigrated the clerk. These actions were contrary to Rule 21-101 and the New Mexico Judicial Branch General Personnel Policy and Procedure on Harassment, Including Sexual Harassment, Discrimination and Retaliation Prevention.[1] These actions also created the appearance that he was harassing the court clerk, an appearance of impropriety in violation of Rule 21-102.

---

[1] *See* New Mexico Judicial Branch General Personnel Policy and Procedure: Harassment, Including Sexual Harassment, Discrimination & Retaliation Prevention, Policy No. 2014.NMJB.120 (1997) (amended 2024), https://humanresources.nmcourts.gov/wp-content/uploads/sites/63/2023/11/Order-No.-S-1-AO-2024-00007-Adoption-of-Harassment-Policy-ATTACHMENT-1-Policy-1.pdf (last visited Jan. 2, 2025).

**{10}**   Under Rule 21-203(B), "[a] judge shall not, in the performance of judicial duties, by words or conduct manifest bias or prejudice, or engage in harassment." Judge Valdez violated Rule 21-203 when he repeatedly subjected a magistrate court clerk to remarks denigrating the clerk's physical appearance and suggesting that the clerk should lose weight. These harassing comments were heard by other court staff.

**{11}**   Rule 21-208(B) mandates that "[a] judge shall be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, *court staff*, court officials, and others with whom the judge deals in an official capacity." (Emphasis added.) Upon hearing that a magistrate court clerk had complained that Judge Valdez was not signing paperwork in a timely manner, Judge Valdez became upset, took paperwork to the clerk's desk, and slammed the paperwork down. This conduct was not patient, dignified, or courteous to the court clerk as required by Rule 21-208.

**{12}**   These violations erode the public's confidence, reflect negatively on the New Mexico judiciary as a whole, and are prejudicial to the effective administration of justice. A public censure is therefore appropriate under the Court's power to discipline judges under the New Mexico Constitution Article VI, Section 32, and the Court's power of superintending control under the New Mexico Constitution Article VI, Section 3. The imposition of judicial discipline protects the public, preserves the public's confidence in the integrity, independence, and impartiality of the judicial system, and enforces the standards of conduct established by the Code of Judicial Conduct.

**{13}**   Having considered the stipulated facts, violations of the Code of Judicial Conduct, and the approved *Stipulation*, we hereby publicly censure Judge Valdez for willfully violating the rules and standards that govern every New Mexico judge's conduct. We issue this public censure to ensure the public's confidence in the integrity, impartiality, and independence of the judiciary and to remind all judges that misconduct, which erodes the public's confidence, will not be tolerated.

**{14}**   For the foregoing reasons, Hon. Johnny Valdez is hereby publicly censured for willful misconduct as set forth fully in the *Stipulation*, which this Court accepted, adopted, and confirmed.

**{15}   IT IS SO ORDERED.**

**DAVID K. THOMSON, Chief Justice**

**MICHAEL E. VIGIL, Justice**

**C. SHANNON BACON, Justice**

**JULIE J. VARGAS, Justice**

**BRIANA H. ZAMORA, Justice**